FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Steven R. Meheen / Michelle Meheen | DEFENDANTS Bruce Putman and Isabel Putman / Derrick Brown and wife Brown |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) David N Ziegler 770 S. Post Oak Lane #320 | ATTORNEYS (If Known) Rick Hawks |
| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
11 USC § 523 (a)(2)(4)(6) Breach of duties in fiduciary capacity, fraud, etc

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 348,267.00 |

Other Relief Sought
N/A

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Bruce and Isabel Putman | BANKRUPTCY CASE NO.<br>07-32046 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Southern | DIVISIONAL OFFICE<br>Houston | NAME OF JUDGE<br>J. Bohm |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF Steven R. and Michelle Meheen | DEFENDANT Bruce and Isabel Putman, et. al. | ADVERSARY PROCEEDING NO. Not available @ time of filing |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Southern | DIVISIONAL OFFICE<br>Houston | NAME OF JUDGE<br>J. Bohm |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] |||
| DATE<br>6/28/07 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David N. Ziegler and Bill Bruckner ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | ] | CASE NO. 07-32046 |
| | ] | |
| BRUCE PUTMAN and | ] | |
| ISABEL PUTMAN | ] | |
| | ] | |
| *Debtors* | ] | |
| | ] | CHAPTER 7 |
| | ] | |
| STEVEN R. MEHEEN and | ] | |
| MICHELLE MEHEEN, | ] | |
| | ] | |
| *Plaintiffs* | ] | |
| | ] | |
| v. | ] | ADVERSARY NO. _____ |
| | ] | |
| BRUCE PUTMAN and WIFE, ISABEL | ] | |
| PUTMAN and DERRICK BROWN and | ] | |
| WIFE (first name unknown) MRS. BROWN, | ] | |
| | ] | |
| *Defendants* | ] | |

## CREDITORS STEVEN R. MEHEEN'S AND MICHELLE MEHEEN'S ORIGINAL ADVERSARY PROCEEDING AGAINST DEBTOR BRUCE PUTMAN AND RELATED PARTIES <u>OBJECTING TO DISCHARGEABILITY OF DEBT</u>

Steven R. Meheen and Michelle Meheen (the Meheens), creditors and parties in interest in the bankruptcy case referenced above, file this their original adversary proceeding against Debtor, Bruce Putman and wife, Isabel Putman, (Putman) and non-Debtor Derrick Brown and wife, (first name unknown, adversary will be amended promptly upon discovering Derrick Brown's wife's first

1

name) Mrs. Brown, (Brown) to the dischargeability of indebtedness due the Meheens against Putman and Brown, and in support thereof would respectfully show the Court as follows:

## THE PARTIES

1. The Meheens are individuals and residents of Harris County, Texas.

2. Bruce and Isabel Putman are individuals and may be served with process at 23 Riata Drive, Magnolia, Texas 77354 or at any other place where they may be found.

3. Derrick and Mrs. Brown are individuals and may be served with process at 4420 FM 1960 West, Suite 125, Houston, Texas 77068 or at any other place where they may be found.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding.

5. Venue is proper under 28 U.S.C. §1409.

## FACTUAL BACKGROUND

6. Putman and Brown were principals of a now defunct businesses known as Hammerly Homes, Ltd., Hammerly Homes Management, Inc. and Hammerly Custom Homes, Inc. (collectively Hammerly).

7. Hammerly was in the business of new home construction and sales.

8. The Meheens entered into a contract with Hammerly to buy the property at 8710 Cypresswood, Spring, Harris County, Texas (the Property).

9. At the time the Meheens contracted with Hammerly, the Property was still under construction.

10. After the Meheens and Hammerly entered into the contract and while construction was still ongoing, Putman approached the Meheens several times and represented that he needed additional

funds to cover cost overruns related to the Property.

11. Over time and based upon Putman's representations, the Meheens advanced approximately $200,000.00 to Hammerly to cover cost overruns related to the Property.

12. Upon information and belief, and unbeknownst to the Meheens, Putman and Brown diverted all or a substantial portion of the $200,000.00 that the Meheens advanced to Hammerly to projects other than the Property.

13. On March 23, 2006 the Meheens had a meeting with Putman, Brown and their attorney (the Meeting).

14. The purpose of the Meeting was to attempt to come to an arrangement whereby the Meheens could: (1) complete the construction of, and take title to, the Property; and (2) recover the $200,000.00 they had advanced to Hammerly.

15. At the Meeting Putman and Brown represented that there was an additional $148,267.00 of liens and other encumbrances on the Property that would prevent the Meheens from taking title to the Property, for an aggregate amount of damages totaling at least $348,267.00.

16. During the Meeting, Brown represented to the Meheens that Hammerly was in good financial condition and that he would put as much money into Hammerly as would be necessary to keep the company going.

17. Putman remained silent regarding Brown's representations about Hammerly's financial condition.

18. At the Meeting, Putman and Brown represented to the Meheens that Hammerly had several other properties that were being built and that the Meheens could be paid fully once those properties were completed and sold.

3

19. Based upon Putman's and Brown's representations at the Meeting, the Meheens entered into an agreement (the Agreement) with Putman, Brown and Hammerly.

20. As part of the Agreement, the Meheens agreed to pay the $148,267.00 for release of the liens and other encumbrances on the Property in order to clear title.

21. As further part of the Agreement, to secure repayment of the $348,267.00 advanced to Hammerly, Hammerly granted the Meheens liens on other the properties that Hammerly was building for sale (the Security Properties).

22. As further part of the Agreement, Putman and Brown pledged to personally repay the $348,267.00 if Hammerly should fail to do so within one year.

23. In fact, at the time of the Meeting and unbeknownst to the Meheens, Hammerly was already in receivership.

24. The Secured Properties were subject to seizure and sale by Hammerly's receiver.

25. Putman and Brown were aware of the receivership at the time of the Meeting.

26. Without Putman's and Brown's representations at the Meeting, the Meheens would not have advanced any further funds to Hammerly and would not have entered into the Agreement.

27. Further, if they had been aware of Hammerly's receivership at the time of the Meeting, the Meheens would not have advanced any further funds to Hammerly and would not have entered into the Agreement.

28. On July 28, 2006, the Meheens filed a lawsuit against Putman and Brown premised upon the fraudulent actions described herein (the Lawsuit).

29. The State Court Lawsuit is captioned: Cause No. 06-07-07346-CV; *Steven R. Meheen and Michelle Meheen v. Bruce A. Putman and Derek Brown a/k/a Derrick Brown*; In the 284th Judicial District Court, Montgomery County, Texas ("Lawsuit").

30. The Lawsuit is still pending although all proceedings against Putman have been stayed pursuant to 11 U.S.C. § 362.

## BANKRUPTCY MATTERS

31. Pursuant to the facts set forth above, Putman is not entitled to a discharge of his obligations to the Meheens under the provisions of the U. S. Bankruptcy Code, Section 523(a)(2), (4) & (6), as set forth above in the factual background, paragraphs 6 through and inclusive of paragraph 30. Further, the Meheens are entitled to a judgment against Derrick Brown, as he constitutes a necessary and indispensable party to this case.

32. Isabel Putman and Mrs. Brown are joined as parties to this proceeding to the extent the Court finds Bruce Putman and Derrick Brown are liable under tort law to the Meheens, and to the extent the joint and sole control community property interests including separate property interests of these two (2) defendants' spouses would be subject to and liable for satisfaction of a valid and subsisting judgment obtained by the Meheens against these Defendants.

WHEREFORE, PREMISES CONSIDERED, the Meheens seek entry of an order and monetary judgment determining and establishing:

    a. The indebtedness of Putman and Brown to the Meheens in at least the principal amount of $348,267.00 for damages with pre-judgment and post-judgment interest, and all costs.

5

    b.    That the Meheens receive a non-dischargeable monetary judgment against Bruce Putman under 11 U.S.C. § 523 (a)(2), (4) and (6) as set forth above, and Derrick Brown; including the community and separate property interests of these Defendant's spouses as set forth above.

    c.    All reasonable and necessary attorneys' fees to which the Meheens may be entitled.

    d.    All such other and further relief to which the Meheens may be entitled, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICE OF DAVID N. ZIEGLER

By: /S/ David N. Ziegler
_____
David N. Ziegler
S.D. Texas No. 2476
Texas State Bar No. 22262300
770 South Post Oak Lane, Suite 320
Houston, Texas 77056
Telephone: (713) 965-0900
Telecopier: (713) 877-1795

OF COUNSEL:
BRUCKNER BURCH PLLC

William H. Bruckner
   S.D. Texas No. 1142
   Texas State Bar No. 03240500
Michael K. Burke
   S.D. Texas No. 24356
   Texas State Bar No. 24012359
1000 Louisiana Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065